TROY LEE HARMS V STATE OF TEXAS

 NO. 07-02-0040-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 5, 2002

______________________________

ROBERT HERRING,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 137
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-435,386; HON. CECIL PURYEAR, PRESIDING

_______________________________

ABATEMENT AND REMAND

_______________________________

Before BOYD, C.J., QUINN and REAVIS, JJ.

Appellant, Robert Herring appeals from a judgment under which he was convicted of failure to register as a sex offender and sentenced to two years in a state jail.  The clerk’s record is due in this cause, and an extension of the applicable deadline was sought.  To justify the extension, the district clerk represented that appellant has not paid or made arrangements to pay for the record.  However, the docketing statement indicates that appellant sought the appointment of counsel at one time due to his inability to employ same.   If he is a pauper and unable to pay the fees and costs associated with an appeal, he also would be entitled to acquire an appellate record free of cost.

Accordingly, we now abate this appeal and remand the cause to the 137th District Court of Lubbock County (trial court) for further proceedings.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following: 

1.  whether appellant desires to prosecute the appeal; 

2.  whether appellant is indigent; and,

3.  whether the appellant is entitled to a free appellate record. 

The trial court shall cause the hearing to be transcribed.  So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk’s record containing the findings of fact and conclusions of law and all orders it may issue as a result of its hearing on this matter, and 3) cause to be developed a reporter’s record transcribing the evidence and arguments presented at the aforementioned hearing.  Additionally, the district court shall then file the supplemental record with the clerk of this court on or before April 4, 2002.  Should further time be needed by the trial court to perform these tasks, then same must be requested before April 4, 2002. 

      It is so ordered. 

                                                             Per Curiam 

 Do not publish.